UNICOI COUNTY CONSUMERS CO-OPERATIVE LEAGUE v.
J. W. BARNETT.

Eastern Section.    July 23, 1927.

No petition for Certiorari was filed.

1. **Corporations.** Corporation may take its own stock in payment of a debt contracted in good faith where it is necessary to prevent a loss.
    In an action on an account where defendant claimed to have surrendered certain stock of the corporation in payment of the account, and it was urged by plaintiff that the corporation could not receive the stock, held that since the debt was contracted in good faith, and the corporation was solvent and took the stock for the sole purpose of collecting a bad debt, and preventing a loss the surrender of the stock constituted a valid and legal consideration for the cancellation of a debt.

Appeal in Error from Circuit Court, Unicoi County; Hon. D. A. Vines, Judge.
Affirmed.

Geo. M. Dunn, Benjamin B. Snipes, of Johnson City, and DeWitt Tucker, of Erwin, for plaintiff in error.
D. H. Rosier, Jr., of Erwin, for defendant in error.

THOMPSON, J.   This suit was instituted by the Unicoi County Consumers Co-operative League, a Tennessee corporation, against

J. W. Barnett before a Justice of the Peace by a warrant or summons as follows:

"You are hereby commanded to summon J. W. Barnett to personally appear before me, or some other acting Justice of the Peace of said county, to answer the complaint of Unicoi County Consumers Co-operative League in a plea of debt by open account . . . $73.67 under $100."

The Justice of the Peace rendered judgment in favor of the corporation and against Barnett for $73.67, and Barnett appealed to the circuit court. In the circuit court Barnett filed a plea: "The defendant for plea says he does not owe the plaintiff as it has alleged in its warrant, and that he does not owe said plaintiff any sum whatever."

The case was tried by the Circuit Judge without a jury, and a judgment was rendered as follows:

"This cause came on to be heard on this April 24, 1926, before the Honorable D. A. Vines, Circuit Judge, upon the record at large, including all pleadings, orders, etc., and the oral proof of witnesses introduced in open court, from all of which the court finds the facts of the case to be established, that when and while the plaintiff corporation was solvent and while the defendant was indebted to the corporation and was unable to pay his debt the corporation through its agents and proper officers took his stock in payment of the debt owed; that this indebtedness was previously contracted and done in good faith and that it was the purpose of the corporation to save the debt; that the defendant for that purpose delivered his stock which was accepted by the corporation in payment of the account sued on in this case by the corporation and that it was held by the corporation for about two years during which no attempt was made to collect said debt from the defendant, but was in fact treated by both parties as a closed transaction. I therefore decide this is a case that comes under the exception recognized by the courts even in the States which have adopted the minority rule in holding that a corporation cannot purchase the stock of same. It is therefore ordered and adjudged by the court that the plaintiff's action be and the same is hereby dismissed, and the defendant will have and recover of the plaintiff the costs of the cause, for which execution is awarded."

The plaintiff has appealed to this court and has assigned error as follows:

"1. There was no evidence to support the findings of the Honorable Court and the judgment against the plaintiff in error.

"2. The court erred in holding that it had any equity jurisdiction in this case, and should have decided the case strictly according to the law and evidence; and erred in holding that the alleged or at-

tempted cancellation of the stock in question was valid or binding on plaintiff in error.

"3. The court erred in holding that this case comes under the exception recognized by courts, even in States which have adopted the minority rule, in holding a corporation cannot purchase its own stock."

It appears from the record that the Unicoi County Consumers Cooperative League was a Tennessee corporation and that Barnett owned a paid up share of its stock of the par value of $50, and that there was $23.82 of accrued and unpaid dividends due him on his said share of stock—total $73.82. Barnett became indebted to the corporation in the sum of $73.67 on open account, the last item of which was on March 25, 1922.

This suit was instituted on September 29, 1924, by Mr. George M. Dunn, but in the name of the corporation. Mr. Dunn testified as follows:

"The Unicoi County Consumers Co-Operative League, to which the defendant owed the debt hereinafter referred to, made a voluntary assignment of all its assets and liabilities to him as trustee; that prior to said assignment, said Unicoi County Consumers Co-Operative League had been a corporation organized and existing under the laws of the State of Tennessee, but had surrendered its charter; that he, under said assignment was to liquidate the assets and pay off the debts, or such a percentage thereof as there were funds with which to pay. That all creditors of the Unicoi County Consumers Co-Operative League had been paid and that the assets were being divided among the stock-holders.

"That according to the books of said corporation, defendant J. W. Barnett owed the said corporation the sum of seventy-three dollars and sixty-seven cents, and that said debt had never been paid.

"That defendant Barnett was a stockholder in said corporation, owning one share with par value of $50, upon which there were accrued unpaid dividends to the extent of $23.82, making a total stock and dividends standing on the books of said corporation to the credit of said defendant Barnett of $73.82, and that according to the said books, said stock had never been cancelled nor the dividends paid."

It will be seen from the foregoing that the defendant's stock was paid for and that the suit is not to recover on a stock-subscription. It will also be seen that all creditors of the corporation have been paid, and that the suit is by an assignee or trustee of the corporation to collect an open account claimed to be owing to the corporation so that the money (along with other assets of the corporation) may be distributed among the stockholders. The defendant insists that the open account against him was paid or settled by the surrender of

his stock in 1922, and the plaintiff insists that it was not so settled and paid, and could not have been because in Tennessee a corporation has no power to purchase, etc. its own stock.

The judgment of the lower court has been hereinbefore quoted, and the first assignment of error makes the question that there is no material evidence to support it.

Barnett testified that he settled his account with the corporation in the year 1922, but did not recall the month; that he was not working at the time although he had been "railroading;" that Mr. Pippin, the manager of the corporation, spoke to him relative to settling his account; that he told Pippin that he had been cut off from work and did not know when he would get back and that he would probably have to leave town and get work and did not know when he could pay the account; that Pippin told him that the stock stood good for the indebtedness; that Pippin agreed to make arrangements with the Board of the corporation to settle the account by the surrender of the stock; that later he received a letter from the Board telling him not to buy any more goods but to turn in his stock; that he did turn in his stock in payment of his account or debt; that Pippin was there when he turned in the stock and told him to take it to the office which he did and surrendered it to a bookkeeper or some one else in the office; that from that time until 1924 he never received a statement from the company relative to the payment of the account; that he never received notice that there were dividends declared; that he never received notice of stockholders' meetings nor any other indications that he was still regarded by the corporation as a stockholder.

It seems to us that the foregoing testimony of Mr. Barnett is material evidence to support the judgment of the lower court in so far as the facts are concerned, and the first assignment of error will, therefore, be overruled.

But the question is can a solvent corporation, one of whose paid up stockholders is indebted to it on an open account made in good faith but which he is unable to pay and which the corporation would otherwise lose, accept the surrender of a share of its stock in payment of the open account? Or rather does such surrender constitute a valid consideration for the extinguishment of said open account?

The Tennessee cases cited as bearing on the question are as follows: Jackson v. Sligo 1 Lea, 210; Cartwright v. Dickenson, 88 Tenn., 476, 12 S. W., 1030; Green v. Ashe, 130 Tenn., 615, 172 S. W., 293; Civil Service Ins. Assn. v. Thomas, 138 Tenn., 77, 195 S. W., 775.

In Fletcher's Cyclopedia of Corporations, Section 1143, it is said:

"In the absence of express restrictions, even in those States in which power on the part of a corporation to purchase shares of its own stock is denied, a corporation has the power, in order to prevent

loss, to take its own shares in payment of a debt previously contracted in good faith''—citing a number of cases supporting his text.

In Cartwright v. Dickinson, supra, the following quotation is significant:

''Whatever power a corporation may have to deal in its own shares for purposes of sale or to secure a debt, it is too clear for argument that it cannot reduce its authorized capital by purchasing its own shares for cancellation.''

In Green v. Ashe, supra, the Supreme Court called attention to the fact that under Shannon's Code, Section 3235, no bank shall buy in, hold, or cancel its own stock, but may receive it in payment of bad and doubtful debts, etc.

It seems to us that in the case at bar, since the debt was contracted in good faith, and the corporation was solvent and took the stock for the sole purpose of collecting a bad debt and preventing a loss, the surrender of the stock by Barnett constituted a valid and legal consideration for the cancellation of the open account. In our opinion this holding is not in conflict with the above cited decisions of the Supreme Court.

It results that in our opinion there was no error in the judgment of the lower court and the same will be affirmed with costs.

Portrum and Snodgrass, JJ., concur.